```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| JASON HEARNS,<br><br>      Petitioner,<br><br>      v.<br><br>PATRICK A. NOSAN, et al.,<br><br>      Respondents. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 15-1747 (JBS)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

    Petitioner is proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 1).

    1.   After pleading guilty to first-degree aggravated manslaughter, Petitioner was sentenced by the Superior Court of New Jersey, Atlantic County, Law Division on May 4, 2001 to thirty years imprisonment with an eighty-five percent term of parole ineligibility.

    2.   According to the Superior Court of New Jersey, Appellate Division, "[a]t the time of the plea, neither counsel nor the court mentioned the statutorily mandated five-year term of parole supervision; it was not noted in the plea forms nor included in the judgment of conviction." *State v. Hearns*, 2014 WL 2117869, *1 (N.J. Super. A.D. May 22, 2014).

3.   Petitioner became aware of the parole supervision term on September 3, 2004 at a resentencing ordered by the Supreme Court of New Jersey. *Ibid.*

4.   Petitioner again appealed his sentence to the Supreme Court of New Jersey, and another resentencing occurred in 2006, at which time Petitioner was again informed of the parole supervision term. *Ibid.*

5.   The New Jersey Supreme Court finally denied certification in Petitioner's direct appeal on February 25, 2010. *State v. Hearns*, 989 A.2d 1266 (N.J. 2010).

6.   Petitioner filed a petition for post-conviction relief ("PCR") on May 28, 2010 alleging trial counsel was ineffective for failing to advise him of the five-year period of parole supervision. *State v. Hearns*, 2014 WL 2117869, *1 (N.J. Super. A.D. May 22, 2014).

7.   After the petition was denied by the trial court, the Appellate Division remanded for "consideration of whether the delay between September 3, 2004, the date defendant first became aware of his parole supervision term, and May 28, 2010, the date he filed his PCR petition, is excusable." *Ibid.*

8.   On remand, the trial court determined the PCR petition was untimely because more than five years had elapsed between the time Petitioner first learned of the parole supervision

condition and the filing of his PCR application. *See id.* at *1-2; N.J. Ct. R. 3:22-12.  The trial court determined Petitioner had not set forth a valid basis for excusable neglect, and noted the petition would have been denied on the merits as well. *Id.* at *1.

9.   On appeal, the Appellate Division affirmed the findings that the PCR application was untimely under New Jersey law and that Petitioner had not set forth a prima facie case of ineffective assistance of counsel. *Id.* at *2-4.

10.  The New Jersey Supreme Court denied certification on November 14, 2014. *State v. Hearns*, 103 A.3d 265 (N.J. 2014).

11.  Petitioner filed this petition for a Writ of Habeas Corpus on February 27, 2015, alleging ineffective assistance of counsel. (Docket Entry 1).

12.  Petitioner's habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA imposes a one-year period of limitation on a petitioner seeking to challenge his state conviction and sentence through a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1), the limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>   (B) the date on which the impediment to
>   filing an application created by State
>   action in violation of the Constitution or
>   laws of the United States is removed, if the
>   applicant was prevented from filing by such
>   State action;
>
>   (C) the date on which the constitutional
>   right asserted was initially recognized by
>   the Supreme Court, if the right has been
>   newly recognized by the Supreme Court and
>   made retroactively applicable to cases on
>   collateral review; or
>
>   (D) the date on which the factual predicate
>   of the claim or claims presented could have
>   been discovered through the exercise of due
>   diligence.
>
>   28 U.S.C. § 2244(d)(1).

13.   Petitioner's direct appeal concluded on February 25, 2010. *State v. Hearns*, 989 A.2d 1266 (N.J. 2010). Petitioner's conviction became "final" for habeas purposes upon the expiration of the ninety (90) day period in which he could have sought a petition for certification from the United States Supreme Court, May 26, 2010.

14.   AEDPA's one-year statute of limitations therefore expired on May 26, 2011, well before Petitioner filed the instant petition on February 27, 2015.

15.   Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of

4

limitation under this subsection." In other words, AEDPA's statute of limitations is statutorily tolled during the pendency of any "properly filed" collateral attack in the state courts.

16. A "properly filed" application is one that was accepted for filing by the appropriate court officer and was filed within the time limits prescribed by the relevant jurisdiction. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416-17 (2005).

17. The Appellate Division concluded that Petitioner did not properly file his PCR application, therefore Petitioner is not entitled to statutory tolling on his federal habeas petition. *See ibid.*

18. However, AEDPA's statute of limitations is subject to equitable tolling in appropriate cases. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418.

19. "The diligence required for equitable tolling purposes is reasonable diligence, not maximum, extreme, or exceptional diligence. . . . A determination of whether a petitioner has exercised reasonable diligence is made under a subjective test:

it must be considered in light of the particular circumstances of the case." *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013).

20.   "The fact that a petitioner is proceeding pro se does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling." *Id.* at 799-800.

21.   In analyzing whether the circumstances faced by Petitioner were extraordinary, "'the proper inquiry is *not how unusual the circumstance* alleged to warrant tolling is among the universe of prisoners, ... *but rather how severe an obstacle it is for the prisoner* endeavoring to comply with AEDPA's limitations period.'" *Id.* at 802-03 (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 400 (3d Cir. 2011)) (emphasis in original).

22.   "In addition, for a petitioner to obtain relief there must be a causal connection, or nexus, between the extraordinary circumstances he faced and the petitioner's failure to file a timely federal petition." *Ibid.*

23.   In the interests of justice, Petitioner shall be ordered to show cause why his Petition should not be dismissed as untimely under 28 U.S.C. § 2244(d)(1).

24.  Any response by Petitioner shall state with specificity any facts that may entitle him to equitable tolling of the statute of limitations.

**April 29, 2015**              **s/ Jerome B. Simandle**
Date                            JEROME B. SIMANDLE
                                Chief U.S. District Judge

7