```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| JASON HEARNS,<br><br>     Petitioner,<br><br>     v.<br><br>PATRICK A. NOSAN, et al.,<br><br>     Respondents. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 15-1747 (JBS)<br><br>**OPINION** |

APPEARANCES:

JASON HEARNS, Petitioner pro se
#419458/56276C
East Jersey State Prison
Lock Bag R
Rahway, New Jersey 07065

**SIMANDLE, Chief Judge:**

I.   **INTRODUCTION**

Before the Court is Petitioner Jason Hearns' ("Petitioner") petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 1). Petitioner was convicted upon his plea of guilty to first-degree aggravated manslaughter. Petitioner challenges his sentence of twenty-five-years imprisonment, with a twenty-five-year parole disqualifier and five-year period of parole supervision, on the grounds that his attorney rendered ineffective assistance in 2001 for failing to inform him of the parole supervision term. For the reasons stated herein, the

Court will dismiss the petition as time-barred, and no certificate of appealability will issue.

## II. BACKGROUND

Petitioner was indicted on charges of purposeful or knowing murder, N.J. STAT. ANN. § 2C:11-3(a)(1)-(2); unlawful possession of a handgun, N.J. STAT. ANN. § 2C:39-5(b); and possession of a handgun for an unlawful purpose, N.J. STAT. ANN. § 2C:39-4(a). Petitioner pled guilty to first-degree aggravated manslaughter, N.J. STAT. ANN. § 2C:11-4(a), in exchange for the dismissal of the rest of the charges. *State v. Hearns*, No. A-1868-11, slip op. at 2 (N.J. Super. A.D. May 22, 2014); Docket Entry 1 at 21. The Superior Court of New Jersey, Atlantic County, Law Division sentenced Petitioner on May 4, 2001 to thirty-years imprisonment with an eighty-five percent term of parole ineligibility. *Hearns*, No. A-1868-11, slip op. at 2; Docket Entry 1 at 2.

Petitioner appealed his sentence as excessive, and the Appellate Division remanded for an explanation of the trial court's sentence on February 6, 2002. *See State v. Hearns*, No. A-0515-07, 2009 WL 36391, at *1 (N.J. Super. Ct. App. Div. Jan. 8, 2009).[1] The trial court imposed the same sentence on

---

[1] "[A] court may take judicial notice of a prior judicial opinion." *McTernan v. City of York,* 577 F.3d 521, 525 (3d Cir. 2009). *See also* 28 U.S.C. § 2254 Rule 4(b) (permitting examination of "the record of prior proceedings" in the court's initial review).

Petitioner, and the Appellate Division affirmed the sentence on January 29, 2004. *Ibid.* The Supreme Court of New Jersey granted certification, summarily reversed the Appellate Division, and remanded for resentencing. *State v. Hearns*, 852 A.2d 187 (N.J. 2004).

During resentencing on September 3, 2004, Petitioner learned for the first time that he was subject to a mandatory five-year term of parole supervision. *See* N.J. STAT. ANN. § 2C:43-7.2(c). "At the time of the plea, neither counsel nor the court mentioned the statutorily mandated five-year term of parole supervision; it was not noted in the plea forms nor included in the judgment of conviction." *Hearns*, No. A-1868-11, slip op. at 2; Docket Entry 1 at 21. The supervision term had not been imposed on Petitioner at his first sentencing; however, it was imposed on him during the September 2004 resentencing. *Hearns*, No. A-1868-11, slip op. at 2; Docket Entry 1 at 21. Petitioner appealed his sentence again, the Appellate Division again remanded to the trial court for resentencing on June 1, 2006. *Hearns*, 2009 WL 36391 at *2. The trial court imposed the same thirty-year term, eighty-five percent of which he would be ineligible for parole, as well as the five-year parole supervision term following his release from custody. *Hearns*, No. A-1868-11, slip op. at 3; Docket Entry 1 at 22. The Appellate Division affirmed the sentence on appeal, *Hearns*, No. A-0515-07,

2009 WL 36391, and the Supreme Court denied certification on February 25, 2010, *State v. Hearns*, 989 A.2d 1266 (N.J. 2010).

Petitioner filed a petition for post-conviction relief ("PCR") on May 28, 2010 alleging his trial counsel was ineffective for failing to advise him of the five-year period of parole supervision. *Hearns*, No. A-1868-11, slip op. at 3; Docket Entry 1 at 22. After the petition was denied by the trial court, the Appellate Division remanded for "consideration of whether the delay between September 3, 2004, the date defendant first became aware of his parole supervision term, and May 28, 2010, the date he filed his PCR petition, is excusable." *Hearns*, No. A-1868-11, slip op. at 3; Docket Entry 1 at 22. On remand, the trial court determined the PCR petition was untimely because more than five years had elapsed between the time Petitioner first learned of the parole supervision condition and the filing of his PCR application. N.J. Ct. R. 3:22-12(a)(1); *Hearns*, No. A-1868-11, slip op. at 3-4; Docket Entry 1 at 22-23.  The trial court also determined Petitioner had not set forth a valid basis for excusable neglect and noted the petition would have been denied on the merits as well. *Hearns*, No. A-1868-11, slip op. at 4; Docket Entry 1 at 23.

On appeal, the Appellate Division affirmed the findings that the PCR application was untimely under New Jersey law and that Petitioner had not set forth a prima facie case of

4

ineffective assistance of counsel. *Hearns*, No. A-1868-11, slip op. at 6; Docket Entry 1 at 25. The New Jersey Supreme Court denied certification on November 14, 2014. *State v. Hearns*, 103 A.3d 265 (N.J. 2014).

Petitioner filed this petition for a Writ of Habeas Corpus on February 27, 2015, alleging ineffective assistance of counsel. (Docket Entry 1). The Court administratively terminated the petition on April 8, 2015 for failure to either pay the filing fee or submit a complete application to proceed *in forma pauperis*. (Docket Entry 2). Petitioner paid the filing fee, and the Court reopened the case for consideration on April 27, 2015. As part of its screening pursuant to 28 U.S.C. § 2254 Rule 4, (Docket Entry 3), the Court issued an Order to Show Cause why the petition should not be dismissed as untimely under 28 U.S.C. § 2244(d) on April 29, 2015. (Docket Entry 4). Petitioner answered the order on May 22, 2015. (Docket Entry 5).

### III. STANDARD OF REVIEW

Petitioner brings this Petition for a Writ of Habeas Corpus as a pro se litigant. A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d

5

Cir. 1998); *Lewis v. Attorney General*, 878 F.2d 714, 721-22 (3d Cir. 1989); *United States v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969), *cert. denied*, 399 U.S. 912 (1970).

A federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4; *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied*, 490 U.S. 1025 (1989).

**IV. DISCUSSION**

Petitioner's habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA imposes a one-year period of limitation on a petitioner seeking to challenge his state conviction and sentence through a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1).

Under § 2244(d)(1), the limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

6

>   (C) the date on which the constitutional right asserted
>   was initially recognized by the Supreme Court, if the
>   right has been newly recognized by the Supreme Court and
>   made retroactively applicable to cases on collateral
>   review; or
>
>   (D) the date on which the factual predicate of the claim
>   or claims presented could have been discovered through
>   the exercise of due diligence.

28 U.S.C. § 2244(d)(1). However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2).

Petitioner's direct appeal concluded on February 25, 2010. *State v. Hearns*, 989 A.2d 1266 (N.J. 2010). Petitioner's conviction became "final" for habeas purposes upon the expiration of the ninety (90) day period in which he could have sought a petition for certification from the United States Supreme Court, May 26, 2010. AEDPA's one-year statute of limitations therefore expired on May 26, 2011, well before Petitioner filed the instant petition on February 27, 2015.

As discussed in this Court's previous opinion, Petitioner cannot avail himself of statutory tolling under 28 U.S.C. 2244(d)(2) because the state courts determined his PCR petition was untimely. N.J. Ct. R. 3:22-12(a)(1); *State v. Hearns*, No. A-1868-11, slip op. at 6 (N.J. Super. A.D. May 22, 2014); Docket Entry 1 at 25; Docket Entry 3 at ¶¶ 15-17. A "properly filed"

7

application is one that was accepted for filing by the appropriate court officer and was filed within the time limits prescribed by the relevant jurisdiction. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416-17 (2005); *see also Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir.) (noting it is the federal courts' "responsibility to give deference to the state court's determination of the timeliness of the state [PCR] petition"), *cert. denied*, 540 U.S. 921 (2003). His PCR petition was therefore not "properly filed" within the meaning of § 2244(d)(2), precluding the application of statutory tolling.

In response to this Court's Order to Show Cause, Petitioner argues he is entitled to equitable tolling because he was misled by his attorney and he has been diligently pursuing his rights. (Docket Entry 5 at 6-7). He states that the attorney representing him at his 2006 resentencing hearing had a conflict of interest because "she had built a relationship with the family of the deceased [and] Petitioner was not addressed on the record of his waiver of the conflict of interest." (Docket Entry 5 ¶ 1). He then recites the history of his direct appeal, concluding with the filing his PCR petition on May 28, 2010. (Docket Entry 5 ¶¶ 2-11).

"There are no bright lines in determining whether equitable tolling is warranted in a given case. Rather, the particular circumstances of each petitioner must be taken into account."

8

*Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418. In analyzing whether the circumstances faced by Petitioner were extraordinary, "'the proper inquiry is *not how unusual the circumstance* alleged to warrant tolling is among the universe of prisoners, ... *but rather how severe an obstacle it is for the prisoner* endeavoring to comply with AEDPA's limitations period.'" *Ross v. Varano*, 712 F.3d 784, 802-03 (3d Cir. 2013) (quoting *Pabon*, 654 F.3d at 400) (emphasis in original). There must also be a "causal connection, or nexus, between the extraordinary circumstances he faced and the petitioner's failure to file a timely federal petition." *Ibid.*

Petitioner has not presented anything suggesting extraordinary circumstances prevented him from filing his habeas petition on time. Petitioner does not explain how his resentencing attorney misled him or how it prevented him from filing a timely federal habeas petition. The attorney handling Petitioner's direct appeal specifically informed Petitioner that he had one year from the date of the February 25, 2010 order of the New Jersey Supreme Court to file a habeas petition. (Docket

9

Entry 5-8 at 3).[2] As Petitioner has not demonstrated extraordinary circumstances, there is no basis for equitable tolling.

Equitable tolling is equally inappropriate in this matter as Petitioner's diligence in pursuing his rights is called into question by the fact failed to challenge the validity of his guilty plea until six years after he first learned of the mandatory period of parole supervision. All of his appeals challenged the length of the sentence, not the plea itself. In the absence of any basis for equitable tolling, the petition must be dismissed as untimely.

AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The United States

---

[2] The fact that Petitioner did not know his PCR petition was time-barred until after AEDPA's statute of limitation had already expired does not constitute extraordinary circumstances. The Supreme Court addressed this precise situation in *Pace*, noting "a petitioner trying in good faith to exhaust state remedies may litigate in state court for years only to find out at the end that he was never 'properly filed,' and thus that his federal habeas petition is time barred. A prisoner seeking state postconviction relief might avoid this predicament, however, by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." 544 U.S. at 416 (internal quotation marks omitted) (citing *Rhines v. Weber,* 544 U.S. 269, 278 (2005)).

10

Supreme Court held in *Slack v. McDaniel* that "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." 529 U.S. 473, 484 (2000). This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the Petition as untimely is correct.

## V. CONCLUSION

For the reasons state above, the habeas petition is dismissed as untimely under 28 U.S.C. § 2244. No certificate of appealability shall issue. An accompanying Order will be entered.

 October 13, 2015              s/ Jerome B. Simandle
Date                          JEROME B. SIMANDLE
                              Chief U.S. District Judge

11